UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CHERYL E. FARB and HAROLD R. NEWMAN,

                   Plaintiffs,                  Case No.: 05 CV 0596
                                              (JS)(ETB)

      -against-

BALDWIN UNION FREE SCHOOL DISTRICT,
BALDWIN UNION FREE SCHOOL DISTRICT
BOARD OF EDUCATION, JAMES BROWN in
his official capacity as Principal and individually,
ARLENE GUERRERO in her official capacity as
Assistant Principal and individually, DR. KATHY
WEISS in her official capacity as Superintendent and
individually, and DR. LEE CHAPMAN in his former
official capacity as Deputy Superintendent
and individually,

                   Defendants.

-----------------------------------------------------------------X

### REPLY MEMORANDUM OF LAW
### IN FURTHER SUPPORT OF DEFENDANTS'
### PARTIAL MOTION TO DISMISS PLAINTIFFS' COMPLAINT

On the brief:
 Guy M. Allen, Esq.

                                 **ABBOTT, REISS & ALLEN, P.C.**
                                 Attorneys for Defendants
                                 309 West Park Avenue
                                 Long Beach, New York 11561
                                 (516) 889-2700

## TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii, iv

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

POINT I

PLAINTIFFS' ATTORNEY'S AFFIRMATION IN SUPPORT OF
PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS' PARTIAL MOTION TO DISMISS MUST
NOT BE CONSIDERED BY THIS COURT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

POINT II

PLAINTIFFS' CLAIMS OF DISCRIMINATION UNDER
TITLE VII AGAINST THE INDIVIDUAL DEFENDANTS
MUST BE DISMISSED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

POINT III

PLAINTIFFS' CLAIMS OF RELIGIOUS DISCRIMINATION
MUST BE DISMISSED, IN THEIR ENTIRETY, UNDER ALL
STATUTES AGAINST ALL DEFENDANTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

POINT IV

PLAINTIFFS' CLAIM FOR SEXUAL AND RACIAL HARASSMENT
(FIRST CAUSE OF ACTION) AND FOR HOSTILE WORK
ENVIRONMENT (FIFTH CAUSE OF ACTION) MUST BE
DISMISSED AGAINST INDIVIDUAL DEFENDANTS
WEISS, GUERRERO AND CHAPMAN . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

POINT V

PLAINTIFFS' CAUSE OF ACTION FOR INTENTIONAL
INFLICTION OF EMOTIONAL DISTRESS SHOULD BE
DISMISSED IN ITS ENTIRETY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

A.   In the Unlikely Event the Court Does Not Dismiss the Intentional
     Infliction of Emotional Distress Claim, in its Entirety, it Should
     Dismiss the Claim Against Individual Defendants Weiss, Guerrero
     and Chapman, as These Defendants are Clearly Not the Target of
     Plaintiffs' Claim of Intentional Infliction of Emotional Distress . . . . . . . . . . . 12

i

B.     In the Unlikely Event That the Plaintiffs' Claims of Intentional
       Infliction of Emotional Distress Survive Against Any of the
       Individual Defendants, Plaintiffs Have No Claim for Intentional
       Infliction of Emotional Distress Against the District Defendants . . . . . . . . . . . . 12

POINT VI

PLAINTIFFS' CLAIM FOR NEGLIGENT INFLICTION OF
EMOTIONAL DISTRESS SHOULD BE DISMISSED
IN ITS ENTIRETY  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

POINT VII

PLAINTIFFS' CLAIM FOR DEFAMATION SHOULD
BE DISMISSED IN ITS ENTIRETY  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

POINT VIII

TITLE VII RETALIATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

POINT IX

PLAINTIFF NEWMAN'S CLAIM FOR LOSS OF CONSORTIUM
SHOULD BE DISMISSED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

POINT X

PLAINTIFFS' CAUSE OF ACTION FOR RESPONDEAT SUPERIOR
IS SUBJECT TO DISMISSAL  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

## TABLE OF AUTHORITIES

Adler v. Aztech Chas. P. Young Co.,
  1992 WL 309548 (S.D.N.Y. Oct. 15, 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Alfano v. Costello,
  294 F.3d 365 (2d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Belanoff v. Grayson,
  98 A.D.2d 353, 471 N.Y.S.2d 91 (1st Dept. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Bonner v. Guccione,
  916 F. Supp. 271 (S.D.N.Y. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Butts v. City of New York Dep't of Housing Preservation and Dev.,
  990 F.2d 1397 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Chapelle v. Beacon Communications,
  1993 WL 465312 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Goldman v. MCL Companies of Chicago, Inc.,
  131 F.Supp.2d 425 (S.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Great Atlantic and Pacific Tea Co., Inc. v. Town of East Hampton,
  997 F.Supp.340 (E.D.N.Y. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

Johnson v. Al Tech Specialty Steel Corp.,
  731 F.2d 143 (2d Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Knight v. City of New York,
  303 F.Supp.2d 485 (S.D.N.Y. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Kramer v. Time Warner Inc.,
  937 F.2d 767 (2d Cir.1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Miller v. Int'l Tel. and Tel. Corp.,
  755 F.2d 20 (2d Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

O'Gorman v. Holland,
  2000 WL 134514 (S.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Oncale v. Sundowner Offshore Services, Inc.,
  523 U.S. 75, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Schmidt v. Bishop,
  779 F.Supp. 321 (S.D.N.Y. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Schwapp v. Town of Avon,
  118 F.3d 106 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Straker v. Metropolitan Trans. Auth.,
  333 F. Supp.2d 91 (E.D.N.Y. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Swierkiewicz v. Sorema, NA,
  534 U.S. 506, 122 S.Ct. 992 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

Tomka v. Seiler Corp.,
  66 F.3d 1295 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 7

Union Ins. Assoc. of Hampton Ltd. v. William Gluckin and Co.,
  353 F.2d 946 (2d Cir. 1965) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Wahlstrom v. Metro-North Commuter Railroad,
  89 F.Supp.2d at 529 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Wait v. Becks North America, Inc.,
  241 F.Supp.2d 172 (N.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Zielinski v. Companhia De Navegacao Maritima Netumar,
  460 F.Supp. 1179 (S.D.N.Y. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## *OTHER*

N.Y.C.P.L.R. §215
Workers Compensation Law §§11, 29

## INTRODUCTION

Defendants Baldwin Union Free School District and Baldwin Union Free School District Board of Education ("District Defendants"), James Brown ("Brown"), Arlene Guerrero ("Guerrero"), Dr. Kathy Weiss ("Weiss"), and Dr. Lee Chapman ("Chapman"), pursuant to Rule 12 of the Federal Rules of Civil Procedure, submit this Reply Memorandum of Law in Further Support of their Motion to Partially Dismiss Plaintiffs' Complaint in the above-captioned matter.

Plaintiffs' opposition papers, similar to their Complaint, are not well drafted. Plaintiffs, in their opposition papers, submit an inadmissable fifteen-page hearsay affirmation signed by their counsel; cite to case law and statues that have nothing to do with Defendants' motion; make arguments essentially against themselves, concerning issues Defendants have acknowledged and raised to the Court in their own initial moving papers; address Defendants' points, in a difficult to follow, scattershot approach throughout their brief; and, most importantly, fail to raise any legitimate basis, legal or otherwise, to overcome any of the grounds the Defendants have raised as a basis to partially dismiss Plaintiffs' Complaint.

As a result, this Court should dismiss:

  a)     Plaintiffs' discrimination claims, under Title VII, against all individual Defendants, because there is no individual liability under Title VII;

  b)     Plaintiffs' claim for religious discrimination because it was not part of their administrative proceedings and, even if it was, Plaintiffs failed to plead one fact supporting such a claim;

  c)     Farb's claims of hostile work environment, based upon both race and gender, against individual Defendants Weiss, Brown and Guerrero, because they do not resemble a hostile work environment claim under any statutes which this claim has been or could be brought;

1

d)      Plaintiffs' claims for intentional infliction of emotional distress, and defamation because they either fall outside the statute of limitations, do not establish the necessary elements for each claim and/or, in the case of intentional infliction of emotional distress, against the District Defendants based only on <u>respondeat superior</u>, because it is barred by the laws of workers compensation;

e)      Plaintiffs' claims for negligent infliction of emotional distress because they do not establish the necessary elements for the claim and/or because such a negligence claim is barred by the laws of workers compensation;

f)      Newman's loss of consortium claim under all civil rights statutes because such a claim is not permitted as a matter of law;

g)      Newman's loss of consortium claim under his state causes of action because if this Court dismisses those state causes of action, pursuant to this motion, an independent loss of consortium claim cannot lie;

h)      Plaintiffs' independent cause of action for <u>respondeat superior</u> because no such cause of action may exist independently without attaching to an underlying claim;

i)      Plaintiffs' claims, under Civil Service Law §75-b(3)(c), for punitive damages, compensatory damages and individual liability because, as Plaintiffs do not dispute, such claims are not recoverable pursuant to statute;

j)      Not consider Plaintiffs' argument, in their Memorandum of Law, that their Civil Service Law retaliation claim is also a Title VII retaliation claim, because that is not what is pleaded in the Complaint;[1] and

k)      Reject any requests made by Plaintiffs to amend their Complaint, because, for the reasons discussed below, any such attempt would be futile.

---

[1]  Nowhere in the Complaint do Plaintiffs even allude to a Title VII retaliation cause of action. Any attempt to do so would be futile because the applicable statute of limitations has expired.

2

POINT I

**PLAINTIFFS' ATTORNEY'S AFFIRMATION IN SUPPORT OF PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' PARTIAL MOTION TO DISMISS MUST NOT BE CONSIDERED BY THIS COURT**

As this Court is aware, Plaintiffs' attorney has submitted a fifteen-page Affirmation in support of Plaintiffs' Memorandum of Law in Opposition to Defendants' Partial Motion to Dismiss the Complaint. See Affirmation of Fred P. Bennet, dated July 8, 2005 ("Bennett Affirmation"). In general, affidavits containing factual information outside the four corners of the complaint should not be considered  in response to a motion to dismiss, as it is a motion based entirely on the pleadings. See Kramer v. Time Warner Inc., 937 F.2d 767 (2d Cir.1991) ("In considering a motion to dismiss for failure to state a claim under . . . a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference."); see also Adler v. Aztech Chas. P. Young Co., 1992 WL 309548 (S.D.N.Y. Oct. 15, 1992) ("[a]lthough plaintiffs did submit affidavits with their opposition to this motion containing factual allegations that might suffice to state a claim . . . those affidavits are inadmissible to cure the defect in a complaint when deciding a motion to dismiss.") (citing Kramer v. Time Warner Inc, supra).

Even more egregious, however,  is the fact that in this instance the affirmation that has been submitted contains only statements by the attorney, which are hearsay statements not based on any personal knowledge, and clearly inadmissable, and, at best, designed solely for the purpose of circumventing the Court's 25-page limit for memoranda of law, and at worst designed to mislead the Court. In considering such an improper affirmation, the District Court in Great Atlantic and

3

Pacific Tea Co., Inc. v. Town of East Hampton, 997 F.Supp.340 (E.D.N.Y. 1998), stated:

> [P]aintiff's counsel's twenty-five page affidavit is argumentative in the extreme and better characterized as a memorandum of law than an affirmation of facts within the personal knowledge of the affiant.  Under the rules of this Court, legal memoranda are limited to thirty pages absent prior leave of the Court. . . .  Plaintiff's affidavit, submitted contemporaneously with a thirty page memorandum of law, is a thinly-disguised attempt to circumvent this Court's page limit. . .  Moreover, to the extent the affidavit is based on hearsay, rather than counsel's personal knowledge, it would not be considered even in response to a motion for summary judgment, let alone in response to the instant motion to dismiss.  See Union Ins. Assoc. of Hampton Ltd. v. William Gluckin and Co., 353 F.2d 946, 952 (2d Cir. 1965) (attorney affirmation not based on personal knowledge represents hearsay and is not considered on summary judgment motion); Zielinski v. Companhia De Navegacao Maritima Netumar, 460 F.Supp. 1179, 1184 (S.D.N.Y. 1978) (same).

See Great Atlantic, 997 F.Supp. 340, 345 at Fn.1.  Accordingly, the Bennett Affirmation, which is based entirely on hearsay, is not appropriately before this Court and accordingly should not be considered.  However, even if the hearsay affirmation is considered by this Court (which it should not be), it does little, if anything, to add to Plaintiffs' argument against partial dismissal of the Complaint, and, as evidenced below, in many instances the affirmation ends up bolstering Defendants' motion.

**POINT II**

**PLAINTIFFS' CLAIMS OF DISCRIMINATION UNDER TITLE VII AGAINST THE INDIVIDUAL DEFENDANTS MUST BE DISMISSED**

As set forth at length in Defendants' moving papers, the case law is clear that individuals are not subject to liability under Title VII.  See, Tomka v. Seiler Corp., 66 F.3d 1295, 1313 (2d Cir. 1995).  Plaintiffs, unable to refute this established point, focus *ad nauseam*, throughout their brief, on the proposition that an employer may be held liable under Title VII for the acts of supervisory employees – a point to which the Defendants concede.  While the Defendants will ultimately prevail against the Plaintiff's Title VII claims, they recognize that at this juncture, under the liberal pleading

4

standards, that the allegations in the complaint set forth a claim under Title VII that will survive a

Rule 12(b)(6) motion to dismiss. The case law, however, dictates that this Court dismiss Plaintiff's

Title VII claims against each of the individual Defendants.

Equally unavailing and off point, is Plaintiff's analysis of <u>Tomka</u>, supra, in light of the New

York State Human Rights Law. <u>See</u>, Plaintiff's Brief, p. 10-11. While correct in asserting that

individual liability may attach under the state statute, such a position is misplaced in opposition to

the relief sought in this motion and irrelevant to this matter in general as the Complaint does not

allege any violations of New York State law. Accordingly, Plaintiff's argument on this point is moot

and must be disregarded by this Court. As such, Plaintiffs' claims against all individual Defendants,

under Title VII, must be dismissed.

**POINT III**

**PLAINTIFFS' CLAIMS OF RELIGIOUS DISCRIMINATION MUST BE
DISMISSED, IN THEIR ENTIRETY, UNDER ALL STATUTES AGAINST
ALL DEFENDANTS**

Defendants contend that Farb's claims of religious discrimination must be dismissed, in their

entirety, on the basis that: 1) this Court does not have jurisdiction over Plaintiffs' Title VII claim for

religious discrimination as she has failed to exhaust her administrative remedies; and 2) even if this

Court had jurisdiction over Plaintiffs' claim for religious discrimination, which it does not, Plaintiffs

fail to set forth a cause of action for religious discrimination in their Complaint. In response to these

positions, Plaintiffs fail to set forth any opposition to either of these points.

As set forth at length in the Defendants' moving papers, a party alleging religious

discrimination under Title VII must exhaust her administrative remedies as a precondition to suit and

may only raise those issues in a district court that were either included or were "reasonably related

5

to" allegations contained in an EEOC charge. See, Butts v. City of New York Dep't of Housing Preservation and Dev., 990 F.2d 1397, 1401 (2d Cir. 1993). The Second Circuit has noted that this requirement of administrative exhaustion is intended to "encourage settlement of discrimination disputes though conciliation and voluntary compliance," a goal which "would be defeated if a complainant could litigate a claim not previously presented and investigated by the EEOC." See, e.g., Miller v. Int'l Tel. and Tel. Corp., 755 F.2d 20, 26 (2d Cir. 1985). Accordingly, where this requirement is not met, as in this case, a court will not have jurisdiction over a Title VII claim.

In the instant matter, Farb's EEOC charge is completely devoid of any allegation of religious discrimination, nor would any allegation raised therein be expected to grow out of the charge to include religious discrimination. Moreover, while correctly setting forth the aforementioned principals of law, nowhere in their opposition do Plaintiffs set forth any facts to the contrary. Accordingly, as a matter of law, Plaintiffs' claim of religious discrimination under Title VII must be dismissed for failing to satisfy a condition precedent to filing suit.

Also, as set forth at length in Defendants' moving papers and unopposed in Plaintiffs' response, is that even if Farb satisfied the condition precedent by including religious discrimination in her EEOC charge, which she clearly does not, her claim would nevertheless fail as it is not pleaded as a cause of action. Even under the liberal pleading standard, with regard to discrimination cases, set forth in Swierkiewicz v. Sorema, NA, 534 U.S. 506, 122 S.Ct. 992 (2002), in which the United States Supreme Court concluded that a pleading need only "contain only a short and plain statement" to "give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests," the Second Circuit has concluded that there is a distinction to be drawn between "fair notice" and conclusory allegations. See, e.g., Straker v. Metropolitan Trans. Auth., 333 F. Supp.2d 91, 102 (E.D.N.Y. 2004). Thus, a claim that does not contain any supporting factual allegations cannot withstand a Rule 12(b)(6) motion. Id.

In the instant matter, the only reference to religious discrimination is in the conclusory allegation of Paragraph 17 of the Complaint which states, "Farb's termination was a tangible, adverse employment action that was based upon her race, gender, and religion as a white Jewish female." <u>See</u> Compl. ¶ 17. Nowhere else in the remaining 119 paragraphs of the Complaint is religious discrimination mentioned much less supported by factual allegations. Clearly, this falls short of the pleading standard set forth in <u>Swierkiewicz</u> and, as a result, Plaintiffs' claim of religious discrimination must be dismissed, under all statutes, as to all Defendants.

**POINT IV**

**PLAINTIFFS' CLAIM FOR SEXUAL AND RACIAL HARASSMENT (FIRST CAUSE OF ACTION) AND FOR HOSTILE WORK ENVIRONMENT (FIFTH CAUSE OF ACTION) MUST BE DISMISSED AGAINST INDIVIDUAL DEFENDANTS WEISS, GUERRERO AND CHAPMAN**

As set forth in length in Defendants' moving papers, as well as above herein, the case law is abundantly clear that individuals are not subject to liability under Title VII. <u>See</u> <u>Tomka v. Seiler Corp.</u>, 66 F.3d 1295. Should Plaintiff attempt to proceed under §1981 or §1983 against individual Defendants Arlene Guerrero, Dr. Kathy Weiss and Dr. Lee Chapman, these claims must likewise be dismissed as Plaintiffs' Complaint is completely devoid of any allegations to support even the slightest inference that the individual Defendants engaged in any conduct that would create a hostile work environment, under any statute, on the basis of either gender or race. <u>See</u> <u>Schwapp v. Town of Avon</u>, 118 F.3d 106, 110 (2d Cir. 1996); <u>see also</u> <u>Knight v. City of New York</u>, 303 F.Supp.2d 485, 500 (S.D.N.Y. 2004); <u>Alfano v. Costello</u>, 294 F.3d 365, 374 (2d Cir. 2002). Moreover, Plaintiff's opposition papers fail to expound upon why the allegations set forth in the complaint establish such liability, instead apparently confusing the liability applicable to the employer to that of the individual defendant supervisor.

7

Plaintiffs' Complaint and accompanying hearsay attorney affirmation are devoid of any allegations to even imply that any of these three individual Defendants engaged in any conduct that was based on Plaintiff's gender or race (let alone her religion). While the Complaint itself is devoid of any allegations to support even an inference of discrimination against the individual Defendants Weiss, Guerrero and Chapman, even under the most liberal of pleading requirements, the Bennett hearsay affirmation only serves to confirm the lack of discriminatory conduct on the part of the named individuals. The only conduct that the hearsay affirmation charges against Dr. Weiss is that she "rules through the use of intimidation", that "the *faculty* is in constant fear of her wrath," and that "[t]he *employees* live in fear of Dr. Weiss." (Emphasis added). See Bennett Affirmation at para. 40 and 42. Moreover, the only claims against Ms. Guerrero are that she has implemented Weiss' "harsh" style of management, and that Ms. Guerrero would blame Farb for things that went wrong in an effort to cover her own "derriere." These allegations have nothing to do with gender or race. See Bennett Affirmation at paras. 11 and 42.

Based on the foregoing allegations, neither Title VII, Section 1983, nor Section 1981 can apply as the alleged conduct is blind to race or gender, as such it is clear that the individuals have not discriminated on the basis of race or sex. By Mr. Bennett's own assertions, Weiss and Guerrero are not treating one sex or race better (or worse) than the other; they are treating both sexes and races, including the Plaintiff, the same. For instance, it is anyone's guess whether Farb (white and female) contends, as ludicrous as it may be, that Weiss (white and female) had discriminated against her on the basis of sex, race, or both. Similarly, Farb fails to make any showing with regard to whether Arlene Guerrero's actions were because of Farb's sex or race. Even more striking is that Farb does not even mention Dr. Chapman yet she has individually named him in her Complaint. At best Farb's Complaint, and the Bennet hearsay Affirmation, allege problems with the management skills and styles of the individuals as it pertains to the school as whole -- having nothing to do with

8

race or gender. Even under the most liberal pleading standard, Plaintiffs' attorney has essentially pled Farb out of her claims by asserting factual material undercutting the theory under which she has asserted her discrimination claim in the first instance.

Moreover, in the present case, both Weiss and Chapman are of the same race as the Plaintiff, and Guerrero and Weiss are of the same sex of the Plaintiff. Accordingly, in order for Farb to assert same sex or same race discrimination claim, Plaintiffs must set forth more than the generic allegations set forth herein. For example, in <u>Oncale v. Sundowner Offshore Services, Inc.</u>, 523 U.S. 75, 80, 118 S.Ct. 998, 1001, 140 L.Ed.2d 201 (1998), the United States Supreme Court held that in order to prove gender-based discrimination in a same-sex harassment case you must show one of the following:

1.  Evidence that the harasser is homosexual and that the harassment is motivated by sexual desire;

2.  Evidence that the harasser was motivated by general hostility to employees of victim's sex; or,

3.  Comparative evidence that the harasser treated employees of both sexes differently.

<u>Id.</u>

Here, Farb does not even begin to allege any of the above elements, and she does not even begin to account for the fact that her same sex claims, without such additional elements, are not legally cognizable. Similarly, the Bennett Affirmation allegations are inconsistent with, and only serve to further undermine, the general and conclusory unsupported assertions in the Complaint that Weiss and Guerrero's conduct was the result of a general antipathy toward women or Caucasians in the workplace. Likewise, both the Complaint and the hearsay attorney affirmation are absolutely devoid of any allegations to even remotely suggest any conduct, discriminatory or otherwise, on the part of Dr. Chapman. Accordingly, for the reasons set forth herein, as well as in Defendants' original

9

moving papers, the Plaintiffs' claim for sexual and racial harassment (first cause of action) and for hostile work environment (fifth cause of action) must be dismissed against individual Defendants Weiss, Guerrero and Chapman.

POINT V

**PLAINTIFFS' CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS SHOULD BE DISMISSED IN ITS ENTIRETY**

Plaintiffs' cause of action for intentional infliction of emotional distress should be dismissed in its entirety based on two grounds, either of which standing by themselves, being sufficient to dismiss the claim.  First, the intentional infliction of emotional distress claim should be dismissed because the statue of limitations has expired.[2]  Plaintiffs, although futilely, attempt to argue that their intentional infliction of emotional distress claim is timely by making the naked assertion that the last day of abuse occurred on May 14, 2004 and was, therefore, within the one year statute of limitations because the Complaint was filed on February 2, 2005.  See page 2 of Plaintiffs' Memorandum ("Pl. Br.").  That argument is nonsense.  There is not one allegation, anywhere within the four corners of Plaintiffs' Complaint, that even mentions May 14, 2004.  In fact, Plaintiff admits in her Complaint, that she was informed, on April 23, 2004, that she was going to be terminated, officially, as of the end of the school year.  See ¶16 of Plaintiffs' Complaint; see also ¶15 of SDHR Complaint annexed to initial moving papers as Exhibit "A."  At bottom, nothing happened on May 14, 2004 to support this claim, which is the sole basis for Plaintiffs' argument that her intentional infliction of emotional distress claim is timely.  Moreover, as set forth in detail at pages 17 and 18 of Defendants' initial Memorandum of Law, there is not one allegation comprising Plaintiffs'

---

[2]  The statute of limitations for an intentional infliction of emotional distress claim is one year. N.Y.C.P.L.R. §215.  Some Courts have held that the continuing violation theory can be applied to an intentional infliction of emotional distress cause of action -- but only if the final actionable event occurred within the one year statute of limitations.  Bonner v. Guccione, 916 F. Supp. 271, 279 (S.D.N.Y. 1996).

10

intentional infliction of emotional distress claim that could lead this Court to conclude that this claim is timely.

Second, the law is clear that "in the rare instances where New York Courts have recognized a claim for intentional infliction of emotional distress in the employment context, the claims have alleged not merely sexual harassment, but more significantly, battery." Wahlstrom v. Metro-North Commuter Railroad, 89 F.Supp.2d at 529. Here, it is plain that not one of Plaintiffs' allegations, even if taken as true, amount to a sexual battery and do not come close to the required outrage and atrocity necessary to plead an intentional infliction of emotional distress claim. To state that Plaintiffs' attempt to defeat Defendants' motion to dismiss this claim is unconvincing would be a gross understatement. Plaintiffs' arguments that the allegations do constitute intentional infliction of emotional distress, without regard to the expiration of the statute of limitations, largely contained in paragraph 5 through 7 of their Memorandum of Law, only serves to illustrate Plaintiffs' failure to understand and comprehend the fact that their allegations do not even come close to resembling an intentional infliction of emotional distress claim. Plaintiffs' citation to the fact that "sexual harassment can give rise to a claim for intentional infliction of emotional distress" is stating the obvious. Sure it can. But not when the statute of limitations has expired, not without an accompanying battery and not under the circumstances of this case.[3]

In view of the foregoing, Plaintiffs' intentional infliction of emotional distress should be dismissed and any attempt to amend their Complaint should be denied as futile.

---

[3] Even if the Court elected to consider the inadmissable Affirmation of Plaintiffs' attorney submitted in opposition to this motion, there is still nothing that resembles an intentional infliction of emotional distress claim.

11

**A.     In the Unlikely Event the Court Does Not Dismiss the Intentional Infliction of Emotional Distress Claim, in its Entirety, it Should Dismiss the Claim Against Individual Defendants Weiss, Guerrero and Chapman, as These Defendants are Clearly Not the Target of Plaintiffs' Claim of Intentional Infliction of Emotional Distress.**

There is not one single allegation under which this Court could find Weiss, Guerrero or Chapman liable for intentional infliction of emotional distress. Plaintiffs, in a desperate attempt to avoid dismissal of these claims against Weiss, Guerrero and Chapman, argue, in their opposition papers, that they could be responsible for the acts of James Brown under the doctrine of respondeat superior. See Pl. Br. at pg. 6. That argument is wide of the mark. The respondeat superior doctrine applies, in certain circumstances, as a matter of law, to employers -- however, Weiss, Guerrero and Chapman are not and were not Farb's employers. Farb was employed by the Baldwin Union Free School District.

**B.     In the Unlikely Event That the Plaintiffs' Claims of Intentional Infliction of Emotional Distress Survive Against Any of the Individual Defendants, Plaintiffs Have No Claim for Intentional Infliction of Emotional Distress Against the District Defendants.**

Plaintiffs' sole claim against the District Defendants for intentional infliction of emotional distress is based on respondeat superior. This claim is subject to dismissal on two fronts. First, as set forth in Defendants' initial moving papers (pages 19-20), respondeat superior is inapplicable to intentional infliction of emotional distress, of the type alleged here, based on sex and race, because these allegations, by their very nature, fall outside the scope of employment.

Second, Plaintiffs' claim of intentional infliction of emotional distress is barred by Workers Compensation Law. Plaintiffs, in their moving papers, rely on the fact that the workers

compensation exception, while applying to negligence actions, does not apply to intentional torts.[4] However, what Plaintiffs fail to recognize, is a mere allegation of liability by way of respondeat superior will not suffice to strip the employer of the protection of the statute.  See Chapelle v. Beacon Communications, 1993 WL 465312 (1983).  Because Plaintiffs only seek to hook in the District Defendant under this cause of action, through the respondeat superior doctrine, this claim is and should be barred by the Workers Compensation Law.

**POINT VI**

**PLAINTIFFS' CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS SHOULD BE DISMISSED IN ITS ENTIRETY**

Plaintiffs' negligent infliction of emotional distress claim can and should be dismissed under any of the following grounds.  First, this claim is barred by Workers Compensation Law.  Workers Compensation Law is the exclusive remedy for an employee injured by the negligence or wrong of another in the same employ.  Workers Compensation Law §§11, 29 Chapelle, supra.[5]  Plaintiffs not only fail to address this issue in their opposition papers, but, admit, during their tortured attempt to argue that the Workers Compensation Law does not apply to their intentional tort claims, that the Workers Compensation Law is the exclusive remedy caused by "non-intentional acts arising in the course of employment."  See Pl. Br. at pg. 19.  As such, Plaintiffs' negligent infliction of emotional distress claim is bared by the Workers Compensation Law.

---

[4] Plaintiffs waste two pages of their Brief arguing, essentially against themselves, that the workers compensation exclusion typically applies to negligence actions and not to intentional torts.  Such argument was unnecessary as Defendants acknowledged this point at pg. 20 of their initial Memorandum of Law.

[5] See also Defendants' initial moving papers at page 27.

13

Second, intentional acts are not actionable under a negligence theory. Because the Plaintiffs' allege that the actions that occurred in the instant case were intentional and deliberate, they must, as a matter of law, fall outside the ambit of actionable negligence. In point of fact, Plaintiffs admit, in their Memorandum of Law, that the acts of Brown, Guerrero and Weiss were intentional acts... <u>See</u> Pl. Br. at pg. 19. "New York Courts have rejected uniformly such attempts to transmogrify intentional torts into negligence." <u>Schmidt v. Bishop</u>, 779 F.Supp. 321, 324-325 (S.D.N.Y. 1991). This Court should disregard Plaintiffs' attempt to speak out of both sides of their mouth, and dismiss this claim.

Third, and finally, Plaintiff has failed to demonstrate that she experienced contemporaneous or consequential physical harm as a result of the alleged negligent infliction of emotional distress. <u>Walstrom</u>, <u>supra</u>. Moreover, in the context of a gender discrimination case, the case history of this state has shown that short of a sexual assault or battery, or the threat thereof, there will be no cause of action for negligent infliction of emotional distress.

In view of the foregoing, Plaintiffs' negligent infliction of emotional distress claim should be dismissed and any attempt to amend their pleading should be denied as it would be futile.

## POINT VII

### PLAINTIFFS' CLAIM FOR DEFAMATION SHOULD BE DISMISSED IN ITS ENTIRETY

Farb's defamation claim should be dismissed in its entirety because: 1) paragraphs 1-72 (to which she refers to under her defamation cause of action) are either barred by the statute of limitations and/or do not come close to being considered defamatory; 2) the February 26, 2004 Memorandum, incorporated by reference into her Complaint, and which forms the crux of Farb's defamation claim, cannot, even under the most indulgent review, be considered defamatory because

the statements made therein are both opinion and made under the guise of the privilege supervisors are vested with when evaluating their subordinates; and 3) the remaining allegations to which Farb must point (paragraphs 74, 75, 76 and 77) cannot and do not come close to rising to the level necessary to establish a defamation claim, and, at a minimum, are clearly protectable opinion.

Plaintiffs' attempt to defeat this piece of Defendants' motion by making the flimsy and conclusory arguments that the statements contained in their Complaint are slanderous/libelous per se and were made with malice. See Pl. Br. at pgs. 15-16. However, as Plaintiffs have done in response to most of this motion, they have simply failed to address the most salient aspects of Defendants' argument. In point of fact, Plaintiffs do not even attempt to explain to this Court why almost each and every statement is barred by the applicable one-year statute of limitations. See page 27 of Defendants' initial Memorandum of Law. Moreover, and most critical, is Plaintiffs' failure to explain to this Court why they made the blatant misrepresentation in their Complaint, that the memorandum forming the basis of their defamation claim labeled Farb a racist, when in fact it did not. See copy of February 26, 2004 memorandum annexed to Defendants' initial moving papers as Exhibit "D."[6] Lastly, the remaining timely allegations upon which Farb is forced to rely (¶¶74, 75, 76 and 77) are not in any way, shape or form, as a matter of undisputed fact and law, defamatory. In view of the above, Plaintiffs' defamation claim should be dismissed in its entirety[7] and any

---

[6] Plaintiffs also ignore the well-settled principal that to the extent memoranda are prepared for internal use in connection with an employer review, or are placed in a personnel file, or statements are made about the employee in an employment context, they are qualifiedly privileged. See Wait v. Becks North America, Inc., 241 F.Supp.2d 172 (N.D.N.Y. 2003) (an evaluation of an employee's performance constitutes a statement of non-actionable opinion).

[7] In the event the Court does not dismiss Farb's defamation claim in its entirety, it should dismiss the defamation claim against individual Defendants Weiss, Guerrero and Chapman as Plaintiffs clearly fail to point to any specific allegation under which Guerrero, Chapman and Weiss could be found liable for defamation.

attempt to amend their Complaint should be denied as futile.

## POINT VIII

### TITLE VII RETALIATION

In Point V of her Memorandum in Opposition, it appears that Plaintiff is attempting to argue that she has been subject to retaliation in violation of Title VII.   While Defendants contend that this was not the case, the argument is irrelevant as plaintiff has never asserted a cause of action of retaliation under Title VII, and plaintiff has not sought  to amend her complaint to include a Title VII retaliation cause of action.   Moreover, the alleged retaliatory conduct accrued well before the filing of the instant Complaint, therefore plaintiff cannot now argue that the omission was due to an act occurring subsequent to the filing of this action.   As such, even if Plaintiff seeks to amend her complaint, such amendment would be futile as such a claim would now be time barred as more than ninety-days have expired since the Title VII statute of limitations began to accrue.   See Johnson v. Al Tech Specialty Steel Corp., 731 F.2d 143, 146 (2d Cir. 1984).

## POINT IX

### PLAINTIFF NEWMAN'S CLAIM FOR LOSS OF CONSORTIUM SHOULD BE DISMISSED

First and foremost, Plaintiffs, as has become their common practice, have completely disregarded the well-settled law that derivative claims, such as loss of consortium, based on civil rights violations, are not recognized.   O'Gorman v. Holland, 2000 WL 134514 (S.D.N.Y. 2000). Therefore, Plaintiff Newman has no loss of consortium claim for any of Farb's alleged civil rights violations.

Moreover, the law is clear that where an employee fails to state a cause of action for claims that would otherwise carry with it derivative actions for loss of consortium, those loss of consortium

16

claims could not be maintained when the underlying cause of action is dismissed.  Belanoff v. Grayson, 98 A.D.2d 353, 471 N.Y.S.2d 91 (1st Dept. 1984); Goldman v. MCL Companies of Chicago, Inc., 131 F.Supp.2d 425 (S.D.N.Y. 2000) (under New York law, a loss of consortium claim is not an independent cause of action, but is derivative in nature, and may only be maintained where permitted pursuant to the primary tort).  In view of this well-settled case law, this Court, should it dismiss Farb's claims for intentional infliction of emotional distress, negligent infliction of emotional distress, and defamation, must also dismiss Plaintiff Newman's corresponding claims for loss of consortium.

## POINT X

### PLAINTIFFS' CAUSE OF ACTION FOR RESPONDEAT SUPERIOR IS SUBJECT TO DISMISSAL

Plaintiffs' seek to hold the District Defendants responsible for the actions of the individual Defendants. However, respondeat superior is not a separate and independent cause of action. It must attach to an underlying claim.  Plaintiffs fail to oppose this point in their brief.  As such, Plaintiffs' independent cause of action under respondeat superior should be dismissed.

Dated: August 24, 2005

Respectfully submitted,

**ABBOTT, REISS & ALLEN, P.C.**
Attorneys for Defendants

By: _____
    Guy M. Allen (GMA-5032)
    309 West Park Avenue
    Long Beach, New York 11561
    (516) 889-2700

17

## CERTIFICATION OF SERVICE

I hereby certify that on this date, I caused a copy of the within REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFFS' COMPLAINT , of Defendants, to be served, via Federal Express, upon:

> Fred P. Bennett, Esq.
> 1800 Walt Whitman Road
> Melville, New York 11747
> Attorney for Plaintiffs

Pursuant to 28 U.S.C. §1746, I certify under penalty of perjury that the foregoing is true and correct.

_____
GUY M. ALLEN

Dated: August 24, 2005