UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------x
CHERYL E. FARB and
HAROLD R. NEWMAN,

              Plaintiffs,

      - against -

BALDWIN UNION FREE SCHOOL
DISTRICT, BALDWIN UNION FREE
SCHOOL DISTRICT BOARD OF
EDUCATION, JAMES BROWN in his
official capacity as Principal
and individually, ARLENE
GUERRERO in her official
capacity as Assistant Principal
and individually, DR. KATHY
WEISS in her official capacity
as Superintendent and
individually, and DR. LEE
CHAPMAN in his former official
capacity as Deputy
Superintendent and individually,

              Defendants.
------------------------------x

<u>MEMORANDUM AND ORDER</u>
05-CV-0596(JS)(ALL)

Appearances:

For Plaintiffs:            Fred P. Bennett, Esq.
                          1800 Walt Whitman Road
                          Melville, New York 11747

For Defendants:            Guy M. Allen, Esq.
                          Abbott, Reiss & Allen, P.C.
                          309 West Park Avenue
                          Long Beach, New York 11561

SEYBERT, District Judge

       Pending before the Court is a motion by Defendants, the

Baldwin Union Free School District ("District"), the Baldwin Union

Free School District Board of Education ("Board"), James Brown

("Brown"), Arlene Guerrero ("Guerrero"), Dr. Kathy Weiss ("Weiss"),

and Dr. Lee Chapman ("Chapman") (collectively "Defendants"), pursuant to Federal Rules of Civil Procedure 12(b), wherein Defendants seek partial dismissal of the Complaint.   For the reasons stated below, the motion is GRANTED in part and DENIED in part.

<u>**BACKGROUND**</u>

The following facts, gleaned from the Complaint, must be deemed true for the purpose of this motion.  Plaintiff Cheryl Farb ("Farb") was and is married to Plaintiff Harold Newman ("Newman" and together, with Farb, "Plaintiffs").   (Compl. ¶ 4.)   The District hired Farb as a Dean of Students for Baldwin Middle School.   Farb served in that capacity for approximately two years. (Compl. ¶¶ 11, 13.)

Beginning in June of 2003 until her dismissal in April 2004, Defendants subjected Farb to a pattern of sexually harrassing and discriminatory conduct throughout her employment.[1]  Brown, the school principal, directed sexually and racially suggestive and derogatory comments toward Farb on numerous occasions.   Guerrero, the assistant principal, and others had observed Brown's harrassing conduct on several occasions.   (Compl. ¶¶ 19-25, 29-32.)   Brown also repeatedly entered Farb's office and "violently slam[med] the

---

[1] In their opposition papers, Plaintiffs claim that the last date upon which she was subjected to harassment was May 14, 2004. However, as motions to dismiss must be decided upon the pleadings only, this fact must be disregarded.  <u>Brass v. Am. Film Techs., Inc.</u>, 987 F.2d 142, 150 (2d Cir. 1993).

door and pound[ed] his fists on her desk," putting Farb "in fear of imminent harm."  (Compl. ¶ 34.)

Farb filed a sexual harassment complaint with the District against Brown.  Chapman, the Deputy Superintendent, reviewed Farb's complaint and found no evidence that Brown created a "hostile work environment" or discriminated against Farb. (Compl. ¶¶ 14-15.)  Farb also filed formal complaints with the New York State Division of Human Rights ("NYSDHR") in April 2004 and with the Equal Employment Opportunity Commission ("EEOC") in December 2004.  (Compl. ¶ 3.)

Plaintiffs allege that the Defendants conspired to retaliate against Farb for her complaints about Brown.  (Compl. ¶¶ 3, 89-100.)  To "cover up" the discrimination, Chapman told Brown and Guerrero "what he would be asking witnesses" and informed them of the "scope of the investigation." (Compl. ¶ 52.)  Guerrero also tried to "cover up" Farb's allegations against Brown and herself by meeting with school chairpersons and telling them how to respond to Chapman's questions.  (Compl. ¶ 54.)

Farb also alleges Brown defamed her with verbal comments and a negative mid-year evaluation.  (Compl. ¶¶ 75-78.)  Due to Farb's filed grievances against Brown, the Defendants "created" problems with her performance as a Dean of Students "in an effort to drive her out of [her] position."  (Compl. ¶ 97.)

On February 2, 2005, Plaintiffs filed the instant action.

Plaintiffs bring the following federal claims: sexual and racial harassment and hostile work environment under Title VII, 42 U.S.C. §§ 1981, 1983, 2000e, and the Fourteenth Amendment of the Constitution.  Farb's state law claims are as follows: intentional and negligent infliction of emotional distress, defamation, retaliation for whistle-blowing, tortious interference with contract, loss of consortium, and respondeat superior.

Pursuant to Rule 12(b)(6), Defendants move to partially dismiss Plaintiffs' Complaint.  Specifically, Defendants move to dismiss (1) the Title VII claims against all individual Defendants, (2) the religious discrimination claim in its entirety, (3) the §§ 1981 and 1983 claims of harassment and hostile work environment against individual Defendants Weiss, Guerrero, and Chapman,[2] (4) the intentional and negligent infliction of emotional distress claims, (5) the defamation claim, (6) the whistleblower claim, (7) Newman's loss of consortium claim, and (8) respondeat superior. For the reasons stated below, the Court grants Defendants' motion to dismiss in part and denies it in part.

---

[2] Defendants argued that Plaintiff's claims under §§ 1981, 1983, and Civil Service Law § 75-b against the District and the Baldwin Union Free School District Board of Education be dismissed due to Eleventh Amendment immunity.  Since that time, Defendants have agreed to forgo this argument in light of recent case law.  See Defs.' Mot. Dismiss ¶¶ 3, 8; Letter from Guy M. Allen to the Court dated May 13, 2005; see also Cohn v. New Paltz Cent. Sch. Dist., 363 F. Supp. 2d 421, 2005 WL 713588 (N.D.N.Y. 2005).

**DISCUSSION**

I.  <u>Standard of Review</u>

   A district court should grant a motion to dismiss under Fed. R. Civ. P. 12 (b) (6) for failure to state a claim only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>H.J. Inc. v. Nw. Bell Tel. Co.</u>, 492 U.S. 229, 249-50, 109 S. Ct. 2893 (1989) (quoting <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984)); <u>see</u> <u>Annis v. County of Westchester</u>, 36 F.3d 251, 253 (2d Cir. 1994).

   In applying this standard, a district court must "read the facts alleged in the complaint in the light most favorable" to the plaintiff and accept these factual allegations as true. <u>H.J. Inc.</u>, 492 U.S. at 249; <u>see</u> <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236, 94 S. Ct. 1683 (1974); <u>Christ Gatzonis Elec. Contractor, Inc. v. N.Y. City Sch. Constr. Auth.</u>, 23 F.3d 636, 639 (2d Cir. 1994); <u>see</u> <u>also</u> <u>Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit</u>, 507 U.S. 163, 165, 113 S. Ct. 1160, 1163 (1993) (citing the Federal Rules' liberal system of notice pleading).

   The court's duty is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof. <u>See</u> <u>Goldman v. Belden</u>, 754 F.2d 1059, 1067 (2d Cir. 1985). The appropriate inquiry, therefore, is not "whether a plaintiff will ultimately

prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer, 416 U.S. at 236; see Ricciuti v. N.Y. City Transit Auth., 941 F.2d 119, 123-124 (2d Cir. 1991) (plaintiff is not compelled to prove his or her case at the pleading stage).

Additionally, a plaintiff is not required to set out in detail the facts upon which he or she bases a claim. Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99 (1957). A plaintiff need only give a statement of his or her claim that will give Defendant "fair notice of what the . . . claim is and the grounds upon which it rests." Id. Therefore, where a complaint is filed that charges each element necessary to recover, the dismissal of the case for failure to set out evidential facts can seldom be warranted. U.S. v. Employment Plasterers' Ass'n, 347 U.S. 186, 189, 74 S. Ct. 452 (1954). Moreover, "pleadings are more liberally construed where the plaintiff claims violation of his or her civil rights." Cruz v. Gomez, 202 F.3d 593, 596 (2d Cir. 2000) (quoting Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998)). Allegations that are so baldly conclusory that they fail to give notice of the basic events and circumstances of which the plaintiff complains, however, are meaningless as a practical matter and, as a matter of law, are insufficient to state a claim. See Barr v. Abrams, 810 F.2d 358, 363 (2d Cir. 1987).

As an initial matter, the Court will not consider any

facts in Plaintiffs' affirmation or their memorandum of law.  A motion to dismiss must be decided on the facts alleged in the complaint.  <u>Brass</u>, 987 F.2d at 150 (stating that consideration is limited to factual allegations in the complaint).  As such, the Court refuses to consider any facts argued in the parties' briefs that were not contained in the Complaint.

II.  <u>Plaintiffs' Title VII Claims Against The Individual Defendants And The Religious Discrimination Claim Are Dismissed.</u>

In setting forth a prima facie case under Title VII, a plaintiff's pleading burden is <u>de</u> <u>minimis</u>.  See <u>Brown v. Coach Stores, Inc.</u>, 163 F.3d 706, 710 (2d Cir. 1998); <u>De la Cruz v. N.Y. City Human Res. Admin. Dep't of Soc. Serv.</u>, 82 F.3d 16, 20 (2d Cir. 1996).  Despite this low burden, the Complaint still lacks clarity and structure and somewhat hinders this Court's reasoning. Plaintiffs do not state against whom they bring their Title VII claims; the Court interprets the Complaint as stating claims for both harassment, discrimination, and retaliation under Title VII.

A.  <u>The Individual Defendants Are Not Liable Under Title VII.</u>

To the extent that Plaintiff asserts Title VII claims against the individual Defendants, the claims are dismissed with prejudice.  The Second Circuit has repeatedly held that "individuals are not subject to liability under Title VII." <u>Wrighten v. Glowski</u>, 232 F.3d 119, 120 (2d Cir. 2000) (citing <u>Tomka v. Seiler Corp.</u>, 66 F.3d 1295, 1313 (2d Cir. 1995)).  Accordingly, Plaintiffs' Title VII claims against the individual Defendants are

7

DISMISSED with prejudice.

B.   Plaintiffs Did Not Properly Bring A Religious
     Discrimination Claim.

Defendants also moved to dismiss Plaintiffs' Title VII claim of religious discrimination in its entirety.  Defendants argue that Farb failed to exhaust her administrative remedies. Farb's complaints to the NYCCHR and the EEOC did not include a charge of religious discrimination.

"It is clearly established that a district court only has jurisdiction over Title VII claims that are either included in an EEOC charge or are 'reasonably related' to the discrimination alleged in the EEOC charge." Gronowicz v. Coll. of Staten Island, 359 F. Supp. 2d 243, 247 (N.D.N.Y. Mar. 9, 2005) (citing Butts v. N.Y. Dep't of Hous. Pres. and Dev. 990 F.2d 1397, 1401 (2d Cir. 1993)).  Because Farb did not include a claim of religious discrimination in her EEOC charge, the Court must determine whether Plaintiffs base their religious discrimination claim on subsequent conduct reasonably related to that conduct alleged in the EEOC charge.

"Courts in the Second Circuit have generally held that claims alleging discrimination based upon a protected classification which are different than the protected classification asserted in administrative filings are not reasonably related." Id. at 248 (citations omitted).  In the Complaint, Plaintiffs mention only once that Farb is Jewish.

8

(Compl. ¶ 17.)  Plaintiffs did not allege any facts giving rise to an inference that the harassing conduct directed at Farb was because of her religion.  In short, Plaintiff has not alleged any discriminatory or harassing conduct reasonably related to the conduct alleged in the EEOC charge, prior or subsequent to the filing of the EEOC charge, upon which she could base her claim for religious discrimination.  Accordingly, the Court DISMISSES without prejudice Plaintiffs' religious discrimination claim.

III. <u>The Court Dismisses Plaintiffs' §§ 1981 And 1983 Claims Against Weiss But Not Against Guerrero and Chapman.</u>

Although it is unclear whether Plaintiffs intended to charge all Defendants under 42 U.S.C. §§ 1981 and 1983, the Court will construe the Complaint as Plaintiffs having done so.  (Compl. ¶ 1.)  Defendants, on the other hand, have clearly moved for the dismissal of these claims insofar as they are asserted against individual Defendants Weiss, Guerrero, and Chapman.  Defendants have not moved to dismiss these claims against Brown, the District, or the Board, and the Court will allow Plaintiffs to pursue these claims against those Defendants.

Section 1981 covers contractual violations based specifically upon racial discrimination and provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, and give evidence to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . .

42 U.S.C. § 1981.

Thus, § 1981 "outlaws discrimination with respect to the enjoyment of benefits, privileges, terms, and conditions of a contractual relationship, such as employment." Patterson v. County of Oneida, 375 F.3d 206, 224 (2d Cir. 2004) (citations omitted).

Section 1983 provides a means of redress for constitutional violations by persons acting under color of state law.  In relevant part, the statute states:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Section 1983 does not create a substantive right; to recover, a plaintiff must establish the deprivation of a separate federal right.  See Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).  Plaintiffs filing § 1983 claims must allege facts that indicate a deprivation of statutory or Constitutional rights.  See id.; Humpherys v. Nager, 962 F. Supp. 347, 351 (E.D.N.Y. 1997).

Further, "[a] Title VII plaintiff is not precluded from bringing a concurrent § 1983 cause of action, so long as the § 1983 claim is based on a distinct violation of a constitutional right." Gierlinger v. N.Y.S. Police, 15 F.3d 32, 34 (2d Cir. 1994). However, "allegations which are nothing more than broad, simple and

conclusory statements are insufficient to state a claim under §
1983." Humpherys, 962 F. Supp. at 351 (quoting Alfaro Motors, Inc.
v. Ward, 814 F.2d 883, 887 (2d Cir. 1987)).

Section 1983 claims cannot be brought for violations of
"rights conferred only by a statute that contains its own structure
for private enforcement, such as Title VII." Oparaji v. N.Y. City
Dep't of Educ., 2005 U.S. Dist. LEXIS 13043, at *21-*22 (E.D.N.Y.
June 14, 2005) (citing Patterson, 375 F.3d at 225). Plaintiff's
claims for retaliation for filing charges with the EEOC are "merely
restatements" of her Title VII retaliation claims; "[a]ccordingly,
Plaintiff's allegations of retaliation fail to state a claim under
§ 1983." Oparaji, 2005 U.S. Dist. LEXIS 13043 at *22. However,
Plaintiff's retaliation occurred in response to the assertion of
rights protected by § 1981. See Hawkins v. 1115 Legal Serv. Care,
163 F.3d 684, 693 (2d Cir. 1998). Thus, the § 1981 retaliation
claim and the §§ 1981 and 1983 claims of hostile work environment
survive. The only issue that remains, therefore, is whether
Plaintiff may assert these claims against individual Defendants
Weiss, Chapman, and Guerrero.

Although "Title VII claims are not cognizable against
individuals, individuals may be held liable under §§ 1981 and 1983
for certain types of discriminatory acts, including those giving
rise to a hostile work environment." Patterson, 375 F.3d at 226;
see also Hayut v. State Univ. of N.Y., 352 F.3d 733, 753-54 (2d

11

Cir. 2003); <u>Whidbee v. Garzarelli Food Specialties, Inc.</u>, 223 F.3d 62, 75 (2d Cir. 2000).  Therefore, "hostile work environment claims against the individual Defendants, sued in their individual capacities under §§ 1981 and 1983, are not automatically dismissable." <u>Patterson</u>, 375 F.3d at 226.

A plaintiff suing an individual for violations of § 1981 "must demonstrate some affirmative link to causally connect the actor with the discriminatory action." <u>Whidbee</u>, 223 F.3d at 75 (internal citation and quotation marks omitted).  The plaintiff must allege that a defendant was personally involved in the discriminatory acts.  <u>See</u> <u>id.</u>; <u>Wright v. Smith</u>, 21 F.3d 496, 501 (2d Cir. 1994) (citations omitted).  A plaintiff may demonstrate a defendant's personal involvement by showing that (1) the defendant directly participated in the alleged violation, (2) he or she was grossly negligent in the supervision of subordinates who committed the wrongful acts, or (3) he or she failed to take action after learning of Constitutional violations.  <u>See</u> <u>Patterson</u>, 375 F.3d at 229 (citing <u>Colon v. Coughlin</u>, 58 F.3d 865, 873 (2d Cir. 1995)).  Mere negligence, however, "does not constitute the 'personal involvement' or 'affirmative link' necessary to support a claim of individual liability."  <u>Whidbee</u>, 223 F.3d at 75 (internal quotations omitted).

A.  <u>Weiss Was Not Personally Involved In The Alleged Discriminatory Conduct.</u>

The Complaint contains scant allegations pertaining to

Weiss, the Superintendent for the District.  Regarding Weiss's
direct participation in the alleged violation, Weiss allegedly
directed Brown to hire Farb because of her race.  (Compl. ¶ 22.)
Plaintiffs' other allegations about Weiss do not indicate that
Weiss was directly involved in discriminating against Farb, knew of
any Constitutional violations, or was grossly negligent.
Accordingly, the Court shall analyze whether Weiss's directive to
hire Farb because of her race is actionable.

When determining if an environment is hostile or abusive,
a court considers "the frequency of the discriminatory conduct; its
severity; whether it is physically threatening or humiliating, or
a mere offensive utterance; and whether it unreasonably interferes
with an employee's work performance."  Harris v. Forklift Sys.,
Inc., 510 U.S. 17, 23, 114 S. Ct. 367 (1993).  It is "well settled
in this Circuit that even a single act can meet the threshold [of
hostile work environment] if, by itself, it can and does work a
transformation of the plaintiff's workplace."  Mormol v. Costco
Wholesale Corp., 364 F.3d 54, 59 (2d Cir. 2004) (quoting Alfano v.
Costello, 294 F.3d 365, 374 (2d Cir. 2002)).  However, such a
single act must be "extraordinarily severe."  Id. (quoting Cruz,
202 F.3d at 570.

Farb claims of hearing a single comment referring to
Weiss's hiring preferences.  Because the comment and the
circumstances under which it was uttered cannot be said to be

extraordinarily severe, the lone comment is not actionable.  <u>See</u>
<u>Mormol</u>, 364 F.3d at 58-59 (finding that non-pervasive episodes of
harassment over a short span of time were not sufficiently severe);
<u>Picotte v. Cmty. Child Care Ctr.</u>, 901 F. Supp. 588, 593 (W.D.N.Y.
Oct. 13, 1995) (finding that isolated comments about race that were
not based on racial bias were not enough to create a hostile work
environment).  Therefore, Weiss's purported comment to Brown (who
in turn commented to Farb on only one occasion) does not rise to
the level of creating a hostile work environment; any claims
premised upon it must be dismissed.  Consequently, the §§ 1981 and
1983 claims against Weiss in her individual capacity are DISMISSED
without prejudice.

B.   <u>Plaintiffs Allege Sufficient Facts To Hold Chapman And
Guerrero Liable Under Sections 1981 and 1983.</u>

Individual Defendants, Chapman and Guerrero, however,
were more involved than Weiss in creating a hostile work
environment.  When Chapman conducted an investigation following
Farb's sexual harassment complaint against Brown, the resulting
report "constituted an attempt to cover-up or white-wash Farb's
complaints and Brown's offensive, improper and harassing conduct."
(Compl. ¶ 51.)  Chapman "told Brown and Guerrero what he would be
asking witnesses and . . . the scope of his investigation and the
course it would follow."  <u>Id</u>. at ¶ 52.

While these acts might not necessarily demonstrate
Chapman's direct participation in sexually or racially

discriminatory acts, they do at the very least allege that he was aware of the Constitutional violations occurring at the hands of Brown.   Further evidence may reveal these acts to be proper exercise of Chapman's discretion and therefore proper procedure, but the Complaint is not so vague and conclusory that it does not provide "fair notice of what the . . . claim is and the grounds upon which it rests."   <u>Gibson</u>, 355 U.S. at 47.   Therefore, Defendants' motion to dismiss Plaintiffs' §§ 1981 and 1983 claims against Chapman in his individual capacity is DENIED.

Farb's claims against Guerrero are similar to those against Chapman.   Plaintiffs claim that Guerrero met with several school administrators and "told them how to respond to Chapman's questions" during Chapman's investigation of Farb's harassment complaints.   (Compl. ¶ 54.)   These claims against Guerrero demonstrate a failure to take action upon receiving information that Constitutional violations were occurring.   <u>Colon</u>, 58 F.3d at 873.   Therefore, Defendants' motion to dismiss Plaintiffs' §§ 1981 and 1983 claims against Guerrero in her individual capacity is DENIED.

IV.   <u>Plaintiffs' Emotional Distress And Loss Of Consortium Claims</u>
<u>May Proceed; All Other State Law Claims Are Dismissed.</u>

    A.   <u>Plaintiffs' Emotional Distress Claims May Proceed Only</u>
<u>Against Brown.</u>

In New York, Workers' Compensation Law bars employees' claims against an employer for harm caused by a co-worker unless

the employer intentionally caused the harm.  See generally Burlew v. Am. Mut. Ins. Co., 63 N.Y.2d 412 (1984).  In Chrzanowski v. Lichtman, 884 F. Supp. 751, 755-56 (W.D.N.Y. 1995), the plaintiffs alleged they were subjected to sexual harassment and retaliation and pled various causes of action, including negligent hiring and negligent infliction of emotional distress.  The court held that the Workers' Compensation Law barred the negligence claims.  See Chrzanowski, 884 F. Supp. at 755-56; see also Torres v. Pisano, 116 F.3d 625, 640 (2d Cir. 1997) (finding that New York law bars negligence claims against an employer for failing to supervise and prevent the establishment of a hostile work environment).  As such, Plaintiffs' claim for negligent infliction of emotional distress against the District and the Board is DISMISSED with prejudice.

The intentional infliction of emotional distress claim against the District and Board is also barred.  Under New York law, an employer cannot be held responsible for the intentional torts of its employees unless the employees, when committing the tort, were acting within the scope of their employment and in furtherance of the employer's business.  See Girden v. Sandals Int'l, 262 F.3d 195, 205 (2d Cir. 2001) (discussing how New York law does not hold employers liable for their employees' intentional torts unless the employees are acting within the scope of employment and in furtherance of the employers' business) (citations omitted). Plaintiffs have not alleged that the tortious conduct of the

individual Defendants was within the scope of their employment or in furtherance of the business of the District and Board.  Thus, the Court dismisses without prejudice Plaintiffs' claim for intentional infliction of emotional distress against the District and Board.

Plaintiffs' remaining emotional distress claims against the individual Defendants fail as a matter of law.  Plaintiffs have failed to allege that the conduct of Weiss, Guerrero, and Chapman comes close to the standard of extreme and outrageous conduct required to recover under both theories of negligent and intentional infliction of emotional distress.  See Acquista v. N.Y. Life Ins. Co., 285 A.D.2d 73, 83 (N.Y. App. Div. 2001) (stating that a claim for "negligent infliction of emotional distress was also properly dismissed, since [the] allegations d[id] not assert conduct that was so outrageous and extreme as to support a claim for emotional distress, an element necessary to establish either intentional or negligent infliction of emotional distress."); Dillon v. City of New York, 704 N.Y.S.2d 1, 8 (1999)) ("A cause of action for either intentional or negligent infliction of emotional distress must be supported by allegations of conduct by a defendant so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." (Internal citations and quotations omitted); Naturman v. Crain

<u>Commc'ns, Inc.</u>, 216 A.D.2d 150 (N.Y. App. Div. 1995) (affirming the dismissal of a claim for negligent infliction of emotional distress because the plaintiff had failed to establish that the defendant's conduct was extreme in degree and outrageous in character).

Because Defendants do not move to dismiss Plaintiffs' claims of intentional and negligent infliction of emotional distress against Brown, the Court will not address them. Accordingly, the Court allows Plaintiffs to pursue their claims of intentional infliction of emotional distress against Brown.  The Court has reviewed Defendants' other arguments as to these claims and finds them without merit.  For the reasons stated above, the Court dismisses Plaintiffs' claims of negligent and intentional infliction of emotional distress against the Board, the District, Weiss, Guerrero, and Chapman.

B.  <u>The Court Dismisses The Defamation Claim In Its Entirety.</u>

"Under New York law, the elements of a defamation claim are a false statement, published without privilege or authorization to a third party, constituting fault . . . and must either cause special harm or constitute defamation <u>per se</u>." <u>Peters v. Baldwin Union Free Sch. Dist.</u>, 320 F.3d 164, 169 (2d Cir. 2003) (citing <u>Dillon</u>, 704 N.Y.S.2d at 5).  The Second Circuit stated:

> The gravamen of an action alleging defamation is an injury to reputation. The New York Court of Appeals has defined a defamatory statement as one that exposes an individual 'to public hatred, shame, obloquy, contumely, odium, contempt, ridicule, aversion, ostracism, degradation, or disgrace, or . . . induces an evil

opinion of one in the minds of right-thinking persons,
and . . . deprives one of . . . confidence and friendly
intercourse in society.'

Celle v. Filipino Reporter Enters., 209 F.3d 163, 177 (2d Cir.2000)
(quoting Kimmerle v. N.Y. Evening Journal, 262 N.Y. 99, 102
(1933)).

In the Complaint, Plaintiffs state in conclusory terms that Farb was defamed in two ways: (1) as a result of Brown's verbal comments and (2) by way of Brown's negative mid-year evaluation of Farb's work performance.  (Compl. ¶¶ 74-78.)

1.    Brown's Comments Are Not Actionable.

Plaintiffs refer to several incidents wherein Brown allegedly made disparaging remarks about Farb.  (Compl. ¶¶ 75-77.) Brown called Farb a "bitch."  (Compl. ¶ 75.)  Also, "on numerous occasions, Brown has made derogatory remarks related to Farb's teeth and oral hygiene."  (Compl. ¶ 76.)  Finally, Plaintiffs allege the following:

> On one occasion, shortly after Farb filed her complaint
> against Brown with the District, Brown approached Alvis
> Brown in the Baldwin Middle School parking lot and
> stated, 'I have to be careful in what I'm doing.  I can't
> even visit my sidepiece [girlfriend] because that bitch,
> Cheryl [Farb] probably has a P.I. [private investigator]
> following me.  It might even be her short-ass husband.
> Who would sexually harass that ugly bitch with her fucked
> up teeth and bad breath?  If anything, she harassed me by
> the many times I caught her looking at my dick.  She is
> probably not getting any from her husband.'

(Compl. ¶ 77.)

New York has recognized that "[f]or nearly 100 years, courts that have addressed the issue of whether the term "bitch" is

actionable are in nearly universal agreement that it is not." Culverhouse v. Cooke Ctr. for Learning & Dev., 177 Misc. 2d 365, 370 (N.Y. Misc. 1998) (citations omitted).  While the court in Culverhouse understood that the issue had yet to be addressed by a New York court, it found the cited decisions persuasive and dismissed a defamation action predicated upon the use of the word. See id.  In the same vein, this Court must now dismiss Farb's defamation claim insofar as it is based upon defendant Brown's use of the word "bitch."

Also non-actionable are the remarks regarding Farb's sex life and personal hygiene.  Mere epithets or hyperbole are not actionable.  See Weiner v. Doubleday & Co., Inc., 535 N.Y.S.2d 597, 600 (N.Y. App. Div. 1988) (derogatory reference to psychologist as "big fat, ugly Jew" was mere epithet and not actionable in libel); De Puy v. St. John Fisher Coll., 514 N.Y.S.2d 286, 287 (N.Y. App. Div. 1987) ("Name-calling or general insult is a type of epithet not to be taken literally and not deemed injurious to reputation").  "A certain amount of vulgar name-calling is tolerated" because no one would believe such insults amount to anything more than just that – insults.  Id. at 973 (citations omitted).  Although Brown's comments may have been vulgar, they do not as a matter of law constitute actionable acts of defamation.

Only two statements remain to be addressed: (1) the assertion that Farb had a private investigator following Brown and

20

(2) his claim of having caught her looking at his genitals.  The statements in question "must either cause special harm or constitute defamation <u>per se</u>."  <u>Peters</u>, 320 F.3d at 169 (citing <u>Dillon</u>, 704 N.Y.S.2d at 6).   To constitute defamation <u>per se</u> damaging in a trade or profession, the statements must be "incompatible with the proper conduct of the business, trade, profession or office itself. The statement must be made with reference to a matter of significance and importance for that purpose, rather than a more general reflection upon the plaintiff's character or qualities." <u>Liberman v. Gelstein</u>, 80 N.Y.2d 429, 436, 590 N.Y.S.2d 857 (1992).

Here the statements, overall, were of a more general character.  Brown's comments were devoid of any reference to her job performance or aptitude.  Farb claims special damages resulting from her defamation, including her inability to find employment within the "tightly-knit school community." (Compl. ¶ 81.)  Even if this is true, however, Brown's verbal comments are more akin to statements of opinion rather than assertions of fact, and are thus non-actionable.  "It is now beyond dispute that expressions of opinion are cloaked with the absolute privilege of speech protected by the First Amendment, and 'false or not, libelous or not, are constitutionally protected and may not be the subject of private damage actions.'" <u>Jaszai v. Christie's</u>, 719 N.Y.S.2d 235, 236 (N.Y. App. Div. 2001) (quoting <u>Rinaldi v. Holt, Rinehart & Winston</u>,

42 N.Y.2d 369, 380 (1977), <u>cert</u>. <u>denied</u> 434 U.S. 969, 98 S. Ct. 514 (1977)); see also <u>Celle</u>, 209 F.3d at 167.

Under New York law, whether the challenged statements are fact or opinion is a question of law to be decided by the Court. <u>See</u> <u>Steinhilber v. Alphonse</u>, 68 N.Y.2d 283, 290 (1986).  New York courts employ a four-part test to determine whether a statement is an actionable factual assertion or protected opinion. The factors are:

> (1) An assessment of whether the specific language in issue has a precise meaning which is readily understood or whether it is indefinite and ambiguous; (2) a determination of whether the statement is capable of being objectively characterized as true or false; (3) an examination of the full context of the communication in which the statement appears; and (4) a consideration of the broader social context or setting surrounding the communication including the existence of any applicable customs or conventions which might signal to readers or listeners that what is being read or heard is likely to be opinion, not fact.

<u>Id</u>. at 292 (internal quotations and citations omitted).

The dispositive inquiry in this regard is "whether a reasonable listener . . . could have concluded that [the defendant] was conveying facts about the plaintiff." <u>600 West 115th St. Corp. v. Von Gutfield</u>, 80 N.Y.2d 130, 139 (1992). "Thus, if a reasonable listener would infer that the speaker knows certain facts, unknown to the audience, which support the opinion and are detrimental to the plaintiff, the statement is actionable." <u>Curto v. Med. World Commc'ns, Inc.</u>, 388 F. Supp. 2d 101, 110 (E.D.N.Y. 2005) (citations

omitted).  "However, if the statement does not imply the existence
of undisclosed, underlying facts, the statement is protected."  Id.

Given the substance of Brown's comments, the full context
of the communication in which they were contained, and the greater
social context and setting in which they were uttered, this Court
finds that a reasonable listener would not "infer that the speaker
knows certain facts, unknown to the audience, which support the
opinion and are detrimental to the plaintiff."  Id.  Instead, the
inescapable conclusion from the verbal context of the entire
message and all of the circumstances under which it was delivered
is that the statement would be understood by the ordinary listener
for what it is: "a simple expression of anger and frustration" by
defendant Brown in the company of his colleague.  Steinhilber, 68
N.Y.2d at 294-95.  Therefore, Plaintiffs' defamation claim based
upon Brown's comments is DISMISSED with prejudice.

2.   The Mid-Year Evaluation Is Not Actionable.

Statements are not considered defamatory if they are
opinion.  Celle, 209 F.3d at 167.  Furthermore, the Second Circuit
has stated that "[n]o workplace . . . can operate effectively
unless the employers and employees who work there have the ability
to speak freely in evaluating the actions of their employees and
co-employees."  Albert v. Loksen, 239 F.3d 256, 268 (2d Cir. 2001).
Defendants correctly point out that "to the extent memoranda are
prepared for internal use in connection with an employee review, or

are placed in a personnel file, or statements are made about an employee in an employment context, they are qualifiedly privileged as having been made by one person to another upon a subject in which they have a common interest." Dillon, 261 A.D.2d at 40 (citations omitted).

Brown's mid-year evaluation report is nothing more than a statement by a supervisor in evaluating the performance of an employee. This type of statement is protected by qualified privilege. Accordingly, Plaintiffs' claim for defamation is DISMISSED with prejudice in its entirety.

C.   Plaintiffs Cannot Sue Individual Defendants Nor Seek
     Damages Under The State Whistleblower Statute.

Defendants argue that Plaintiffs' whistleblower claim asserted under New York Civil Service Law § 75-b is precluded by the binding arbitration provision of a collective bargaining agreement between her union and the School District. Plaintiffs claim that the agreement does not apply to Farb because she is an administrator. Defendants do not reply to this argument.

Because Defendants have not responded to Plaintiffs' claim that the binding arbitration provision of the collective bargaining agreement does not apply to her, this Court retains supplemental jurisdiction over the claim pursuant to 28 U.S.C. § 1367. See 28 U.S.C. § 1367(c). Although Plaintiffs' § 75-b claims complicate the overall case, these complications do not rise to the

24

level of exceptional circumstances justifying the Court in declining jurisdiction.

Section 75-b, however, does not contemplate actions against individual Defendants. See N.Y. Lab. Law § 75-b(1)(a) (defining public employers liable under the act); Kirwin v. N.Y.S. Office of Mental Health, 665 F.Supp. 1034, 1039 (E.D.N.Y. 1987). Therefore, to the extent these claims are brought against the individual Defendants, the claims are DISMISSED with prejudice.

More importantly, Plaintiffs are limited to equitable remedies if Plaintiffs succeed on the § 75-b claim. Public employees pursuing a § 75-b action are subject to the same limitations as private employees pursuing an action under New York Labor Law. See N.Y. Civ. Serv. Law § 75-b(3)(c); Taylor v. New York State, 608 N.Y.S.2d 371 (Ct. Claims 1994). In Taylor v. State, the court discussed the remedies available to a plaintiff pursuing a claim under New York Labor Law § 740 and New York Civil Service Law § 75-b. The court stated that "[p]rivate employees and public employees not covered by statutory or collectively negotiated disciplinary provisions will be permitted by the provisions of new Article 20-C of the Labor Law entitled 'Retaliatory Action by Employers' to commence a civil action for relief which may include an injunction, reinstatement, back pay and restoration of fringe benefits and seniority rights." Taylor, 608 N.Y.S.2d at 377 (quoting Governor's Mem. approving L 1984, ch 660,

1984 McKinney's Session Laws of NY, at 3624).

Thus, Plaintiffs may not seek compensatory or punitive damages under § 75-b.  See Hoffman v. Altana, Inc., 603 N.Y.S.2d 499, 500 (N.Y. App. Div. 1993) (precluding summary judgment for employer, but dismissing those parts of Plaintiff's complaint claiming for loss of anticipated lost wages, anticipated lost overtime compensation, the value of anticipated lost benefits, and punitive damages).  Because Plaintiffs do not seek any of the remedies available under § 75-b, their claims under this statute are DISMISSED without prejudice.

E.   Newman's Loss of Consortium May Proceed

Plaintiff Newman, Farb's husband, alleges that as a result of the Defendants' actions, he has been deprived of the services of his wife and the comfort and happiness of her affection and society.  (Compl. ¶ 113.)  Newman seeks damages for a loss of consortium.  Defendants move to dismiss this claim, alleging that these claims are not cognizable under the statutes Farb invoked. Plaintiffs have not responded to this argument.

Loss of consortium claims are not independent actions, but are derivative.  See Millington v. Se. Elevator Co., 22 N.Y.2d 498, 507-08 (1968) (barring a loss of consortium claim when the underlying tort claim was dismissed or settled).  Furthermore, "[i]t is clear that federal courts do not recognize such derivative

26

claims based on federal civil rights violations." <u>Murphy v. Cadillac Rubber & Plastics, Inc.</u>, 946 F. Supp. 1108, 1124 (W.D.N.Y. 1996); <u>See</u> <u>Mohamed v. Marriott Intern., Inc.</u>, 905 F. Supp. 141, 159 (S.D.N.Y. 1995). A loss of consortium claim can only be maintained when a valid common law tort claim is brought. See <u>Murphy</u>, 946 F. Supp. At 1124-25.

Because two of Plaintiffs' remaining claims are premised upon common law tort, Newman's claim for loss of consortium is not barred. Accordingly, the Court DENIES Defendants' motion to dismiss Newman's claim for loss of consortium.

E.   <u>Respondeat Superior</u>

Plaintiff's Complaint incorrectly refers to <u>respondeat superior</u> as a separate and independent cause of action when in fact it is a theory that must attach to an underlying claim. <u>See</u> <u>Harsco Corp. v. Sequi</u>, 91 F.3d 337 (2d Cir. 1996) (with no surviving underlying theory of liability, the district court properly dismissed the respondeat superior claims). Therefore, Plaintiffs' separate cause of action for <u>respondeat</u> <u>superior</u> is DISMISSED without prejudice.

27

## CONCLUSION

The Defendants' motion to dismiss is GRANTED in part and DENIED in part. The Court DISMISSES the following claims: (1) the Title VII claims against the individual Defendants, (2) the religious discrimination claim in its entirety, (3) the §§ 1981 and 1983 claims against Weiss, (4) the intentional and negligent infliction of emotional distress claims against all Defendants but Brown, (5) the whistle blower claim, (6) the defamation claim, and (7) the respondeat superior claim.

The Court allows Plaintiffs to proceed on the following claims: (1) the Title VII claims against the District and Board, (2) the §§ 1981 and 1983 claims against all Defendants but Weiss, (3) the emotional distress claims and loss of consortium claim against Brown. The Court grants Plaintiffs leave to amend the Complaint to restate the claims that were dismissed without prejudice. Any Amended Complaint shall be filed within 30 days of the date of this Order.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    Central Islip, New York
          March 3, 2006

28