# LEEDS MORELLI & BROWN, P.C.

Reply to:
One Old Country Road
Suite 347
Carle Place, NY 11514
Tel (516) 873-9550
Fax (516) 747-5024
www.lmblaw.com

*Attorneys at Law*

April 20, 2009

***Via ECF***

Hon. Joanna Seybert
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722-9014

      Re:    <u>Farb, et al. v. Baldwin UFSD, et al.</u>
              Docket No.: CV 05 0596 (JS)(ETB)

Dear Honorable Judge:

      This firm represents the plaintiff in the above-referenced matter. Pending before the Court is plaintiff's application to hold the testimony of Dr. Margaret Friedman via telephone. I wish to modify that request to satisfy some of defense counsel's concerns. I have discovered that the Court can hold video conferencing. Additionally, Dr. Friedman is lives near a video conferencing center. Accordingly, we request that the testimony be taken via video conferencing.

      Fed. R. Civ. Proc 43(a) provides for and permits, in the Court's sound discretion, a witness to testify telephonically provided that the requesting party (a) sets good faith cause; (b) demonstrates compelling circumstances; and, (c) ensures appropriate safeguards. Based on the moving application and this reply I respectfully submit that plaintiffs have met their burden and the requested relief should be granted.

      With respect to the good cause element, the Court is aware of the fact that plaintiffs' main witness on the issue of Ms. Farb's emotional damages was Dr. Leah Lapidus. On April 10, 2009, Plaintiffs discovered that Dr. Lapidus was deceased. Dr. Freedman who has a substantial practice in Arizona would have to undertake a significant effort to re-schedule her patients who see her on a weekly basis on extremely short notice since the trial is scheduled to begin on April 27, 2009. Further, the cost to bring Dr. Freedman to New York on very short notice is unduly burdensome. Finally, I am annexing a letter from Dr. Freedman's treating physician attesting to the fact that it would be detrimental to her health due to her asthmatic condition to travel to and appear in New York to testify.

The second prong, "compelling circumstances" is demonstrated by the sudden unexpected death of Dr. Lapidus, on the eve of trial, the necessity of Dr. Freedman's testimony keeping in mind Dr. Freedman's status as an Arizona domiciliary suffering from asthma as well as having to alter her patients' schedules. I respectfully submit that <u>Gulino v. Board of Education</u>, cited and relied on by defendants, is factually distinguishable on the ground that her plaintiffs are not simply relying on the witness' convenience but has advanced substantial legal as well as factual grounds other than inconvenience for video testimony.

The third prong of the statutory test "appropriate safeguards" is met by the fact that with video conferencing the Court, jury and defense counsel can see and hear the witness and her testimony. All will be able to view her demeanor and weigh Dr. Freedman's credibility.

Very truly yours,

LEEDS MORELLI & BROWN, P.C.

_____
RICK OSTROVE

cc: Defense Counsel (Via ECF)