UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
CHERYL E. FARB and HAROLD R, NEWMAN,

                          Plaintiffs,          <u>MEMORANDUM</u>
                                                    <u>OPINION AND ORDER</u>

            -against-              CV 05-596 (JS) (ETB)

BALDWIN UNION FREE SCHOOL DISTRICT,
BALDWIN UNION FREE SCHOOL DISTRICT BOARD
OF EDUCATION, JAMES BROWN in his official capacity
as Principal and individually, ARLENE GUERRERO in
her official capacity as Assistant Principal and individually,
DR. KATHY WEISS in her official capacity as
Superintendent and individually, and DR. LEE CHAPMAN
in his former official capacity as Deputy Superintendent
and individually,

                          Defendants.
----------------------------------------------------------------------X

       Before the court is the motion by plaintiffs' former counsel, Thomas F. Liotti, pursuant to Federal Rule of Civil Procedure 60, to vacate the Court's September 26, 2011 Memorandum Opinion and Order denying him attorney's fees for his earlier representation of plaintiffs. For the following reasons, Liotti's motion is denied in its entirety.

       Familiarity with the facts of the underlying action is presumed and will not be repeated here.

       Following an evidentiary hearing held on May 26, 2011, during which both plaintiffs and Liotti were afforded the opportunity to testify and submit evidence, the Court, by Memorandum Opinion and Order dated September 26, 2011, denied Liotti's motion for attorney's fees. Liotti thereafter filed the instant motion to vacate that decision. Plaintiffs have cross-moved for

sanctions to be imposed against Liotti for filing a frivolous motion, pursuant to Rule 11 of the Federal Rules of Civil Procedure.

DISCUSSION

I.    Legal Standard

In the Second Circuit, motions to vacate a decision pursuant to Federal Rule of Civil Procedure 60(b) are "generally not favored and [are] properly granted only upon a showing of exceptional circumstances."[1] Cyrus v. City of New York, No. 06 CV 4685, 2010 U.S. Dist. LEXIS 2800, at *8 (E.D.N.Y. Jan. 12, 2010) (quoting United States v. Int'l Brotherhood of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001)) (additional citations omitted); see also Kinlaw v. Walsh, No. 10 Civ. 7539, 2011 U.S. Dist. LEXIS 129255, at *3 (S.D.N.Y. Nov. 8, 2011) ("A Rule 60(b) motion is granted only under 'extraordinary circumstances,' or to prevent 'extreme and undue hardship.'"). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Cyrus, 2010 U.S. Dist. LEXIS 2800, at *8 (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). The burden of proof is on the party seeking

---

[1] Liotti also brings this motion pursuant to Rule 60(a), which provides for the correction of "clerical mistake[s]" or "mistake[s] arising from oversight or omission." Fed. R. Civ. P. 60(a). "The general purpose of Rule 60(a) is to afford courts a means of modifying their judgments in order to ensure that the record reflects the actual intentions of the court." Ferguson v. Lion Holding, Inc., Nos. 02 Civ. 4258, 02 Civ. 4261, 2007 U.S. Dist. LEXIS 97231, at *8 (S.D.N.Y. Aug. 3, 2007) (quotation omitted). However, Liotti fails to explain what errors or mistakes exist in the Court's decision denying him attorney's fees, other than he is simply unhappy with the determination. Since the Court finds no clerical errors or mistakes in its previous decision, Rule 60(a) provides no basis for relief.

to vacate the judgment and "the decision whether to grant a Rule 60(b) motion for reconsideration lies in the discretion of the district court." Cyrus, 2010 U.S. Dist. LEXIS 2800, at *8 (citing Bennett v. Watson Wyatt & Co., 156 F. Supp. 2d 270, 272 (S.D.N.Y. 2001)).

"Rule 60(b) does not provide a party with the opportunity to relitigate the merits of a case in an attempt to win a point already carefully analyzed and justifiably disposed." Bernstein v. App. Div. First Dep't Disciplinary Comm., No. 07 Civ. 11196, 2010 U.S. Dist. LEXIS 132830, at *3 (S.D.N.Y. Dec. 15, 2010) (citation and internal quotation marks omitted). Accordingly, "[i]t is not appropriate for a district court to vacate an order under Rule 60(b) where 'no additional claims are advanced,' and the movant[] 'simply argue[s] on the same facts that there are extraordinary circumstances justifying the exercise of the district court's equitable powers.'" Wells v. Lefavre, No. 96 Civ. 3417, 1997 U.S. Dist. LEXIS 16932, at *5-6 (S.D.N.Y. Oct. 28, 1997) (quoting Cruickshank & Co. v. Dutchess Shipping Co., 805 F.2d 465, 469 (2d Cir. 1986)).

II.     The Motion

Rule 60(b) permits a court to vacate a final judgment, order or proceeding for one of six enumerated reasons:

  (1) mistake, inadvertence, surprise or excusable neglect;

  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

  (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

  (4) the judgment is void;

>  (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>  (6) any other reason that justifies relief.

Fed. R. Civ. 60(b).

Liotti purports to bring this motion under subsections (1), (2), (3) and (4), "with particular emphasis under Rule 60(b)(3), to wit: 'fraud . . ., misrepresentation, or misconduct by an opposing party.'" (Liotti Mem. of Law 3.) Liotti fails to provide any basis for vacating the judgment based on mistake (subsection (1)) or newly discovered evidence (subsection (2)).[2] Moreover, with respect to subsection (4), that "the judgment is void," Liotti provides a single sentence in his reply memorandum of law that the Court's prior decision "should be declared 'void' since, most respectfully, the . . . Court acted in a manner that was inconsistent with due process." (Liotti Reply Mem. of Law 3.) There is no further explanation provided as to how the Court's prior decision is "inconsistent with due process."

Rather, the majority of Liotti's motion is aimed at (1) proving that plaintiffs have somehow perpetrated a fraud on both the Court and Liotti himself, as victim, and (2) explaining how permitting Alan Paul Ansell to work in his office and on plaintiffs' case is not aiding and

---

[2] The only arguably "new evidence" that Liotti points to is an attorney lien by Sherri L. Kaplan, Esq. against plaintiff Newman that was discovered after the close of the evidentiary hearing. (Liotti Decl. ¶ 16 and Ex. B-C.) However, plaintiffs' opposition to the within motion explains that the lien is solely against Newman, not Farb, and is completely irrelevant to the instant action. (Hoerter Decl. ¶ 12.) Rather, the lien was obtained by Ms. Kaplan as a result of monies owed to her by Newman in connection with a matter Newman hired Kaplan to handle for one of Newman's clients. (Id.) Liotti does not dispute this information in any way. Moreover, the lien was entered in Suffolk County District Court on February 9, 2011. (Id.) This is a matter of public record. No attorney lien has been filed in this action. Accordingly, that lien provides no grounds for relief for Liotti.

abetting an attorney in the unauthorized practice of law. These arguments are devoid of merit.

  A.  <u>Alleged Fraud by the Plaintiffs</u>

  "[A] Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits." <u>Bahrami v. Ketabchi</u>, No. 35 Civ. 3829, 2010 U.S. Dist. LEXIS 47378, at *4 (S.D.N.Y. May 13, 2010) (quoting <u>Fleiming v. N.Y. Univ.</u>, 865 F.2d 478, 484 (2d Cir. 1989)). Moreover, the movant "must show that the conduct complained of prevented the moving party from fully and fairly presenting his case." <u>Bahrami</u>, 2010 U.S. Dist. LEXIS 47378, at *4 (quoting <u>State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada</u>, 374 F.3d 158, 176 (2d Cir. 2004)).

  Here, Liotti alleges that plaintiffs have committed fraud but offers nothing more than generalized conclusions to support his claim. Rather, Liotti takes issue with plaintiffs' credibility, claiming they have lied to the Court in their testimony during the evidentiary hearing and in their submission of evidence. Yet, Liotti fails to point to specific material misrepresentations made by plaintiffs, as required under Rule 60(b)(3), or to explain how such information prevented him from fully and fairly presenting his case at the evidentiary hearing.

  Liotti has also failed to identify any factual matters that the Court overlooked in rendering its prior decision. Rather, the arguments presented in the within motion are "largely duplicative" of the arguments previously submitted by him during both the evidentiary hearing and in his post-hearing submissions. <u>Kinlaw</u>, 2011 U.S. Dist. LEXIS 129255, at *5 (denying Rule 60(b) motion where plaintiff failed to offer any new arguments not already considered by the court).

  Accordingly, Liotti's motion to vacate pursuant to Rule 60(b)(3) is denied.

B.  Alan Paul Ansell

The prior decision of the Court found that plaintiff had good cause to terminate Liotti based on the fact that Liotti permitted Ansell, a suspended and disbarred attorney, to perform substantial legal work on plaintiffs' case. (Mem. Opinion and Order of Boyle, J. dated Sept. 26, 2011, 24.) Allowing Ansell to perform such work constituted a substantial breach of Liotti's legal and ethical duties to Farb, his client. (Id.)

Liotti argues that Ansell was not performing legal work while employed by him, but was instead merely a "subcontractor" who conducted legal research and drafted memorandums to Liotti containing his findings. (Liotti Decl. ¶¶ 17, 24.) According to Liotti, "Ansell's role did not lend itself to interaction with clients;" nor was it "in anyway to practice law or even speak to clients." (Id. ¶ 17.) This is simply a rehash of issues raised at the evidentiary hearing, on which the Court rendered specific findings with respect to the credibility and lack of credibility of witnesses. Liotti was afforded every opportunity to produce evidence and call witnesses at the hearing. Liotti chose to call no additional witnesses and to produce no rebuttal testimony following the testimony of plaintiff Farb.

Liotti had ample opportunity to cross-examine Farb, during which he could have questioned her with respect to her interaction with Ansell. However, he chose not to do so. Instead, the only questions Liotti asked Farb pertaining to Ansell were about his friendship with her husband, Newman, whether Farb ever objected to Ansell working on her case and whether she continued to allow Ansell to work on her case after terminating Liotti. (Tr. 202-05.) Liotti never once tried to refute Farb's testimony that Ansell performed substantial legal work on her behalf while employed by Liotti. Rather, Liotti attempted to - and is still attempting to -

somehow make Farb and Newman complicit in his aiding and abetting of Ansell in the unauthorized practice of law, all in an attempt to minimize his own misconduct.

In fact, Liotti even concedes in his declaration in support of the within motion that he "made a mistake in using Mr. Ansell as a subcontractor." (Liotti Decl. ¶ 24.) Ironically, Liotti goes on to state that "[w]hile it may have been a violation of ethical standards to use the services of Mr. Ansell, there is nothing about the work that he and my office did on the case that detracted from the ultimate, successful outcome." (Id.) Apparently, Liotti is of the belief that a breach of law or ethics is dependent on the outcome and not on the means used to achieve the "successful outcome." The Court does not agree.

Finally, Liotti argues that while Ansell may have been disbarred from practicing in New York State, that does not automatically prevent him from practicing in federal court. See Theard v. United States, 354 U.S. 278, 281 (1957) ("While a lawyer is admitted into a federal court by way of a state court, he is not automatically sent out of the federal court by the same route."). However, Farb's testimony, which the Court credited, demonstrated that Ansell was the one who prepared her for her 50-h hearing, (Tr. 173), which, as Liotti is well aware, is a proceeding that takes place solely in state court practice. Moreover, whether the action was filed in state court or federal court, the disbarment order prohibited Ansell from "practicing law in any form, either as principal or as agent, clerk, or employee of another" and from "giving to another an opinion as to the law or its application or any advice in relation thereto." In re Ansell, 628 N.Y.S.2d 604, 605 (App. Div. 1995). As Farb testified, Ansell engaged in all of these prohibited activities, with Liotti's implicit consent by engaging Ansell to work at his firm. Accordingly, as the prior decision of the Court found, Liotti aided and abetted Ansell in the unauthorized practice of law,

resulting in a forfeiture of any attorney's fees Liotti may have been entitled to under the retainer agreement.

Lastly, Liotti had an adequate opportunity to raise this issue during the evidentiary hearing or in connection with his post-hearing submissions. Liotti chose not to do so, instead improperly raising the issue for the first time on this motion to vacate. A motion to vacate is not a second bite at the apple for a party dissatisfied with the outcome of the underlying action. Such a motion is only properly granted where the movant can demonstrate that the court overlooked controlling issues of fact or law in rendering its prior decision. See Shrader, 70 F.3d at 257. Liotti has not met this burden.

Accordingly, Liotti's motion to vacate the Memorandum Opinion and Order rendered on September 26, 2011 is denied.

## CONCLUSION

For the foregoing reasons, the motion to vacate the September 26, 2011 Memorandum Opinion and Order of the Court, pursuant to Federal Rule of Civil Procedure 60, is denied. Plaintiffs' cross-motion for sanctions, pursuant to Rule 11, is also denied.

**SO ORDERED:**

Dated: Central Islip, New York
December 5, 2011

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge